### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. THOMAS D. JONES.

#### Decided April 16, 1902.

**1.—Negligence—Pleading and Proof—Defective Car.**

Under an allegation by plaintiff in an action for personal injury that defendant had negligently permitted the handhold on the side of a car to become defectively and insecurely fastened, evidence was admissible to show that the wood in which the end of the handhold, which pulled out, was inbedded, was not sound.

**2.—Same—Evidence.**

That a witness was not present at the accident and did not disclose the source of his information as to the condition of the car, did not render his testimony as to such condition inadmissible as being hearsay.

**3.—Same—Inspection of Car—Competency—Question for Jury.**

Although defendants car inspector testified that he had been inspecting cars for many years and that no other accident had ever occurred from a defect in a car inspected by him, and this was uncontradicted, yet as the handhold of

the car in question did pull off while being ordinarily used a few hours after his inspection, the question of his competency was properly submitted to the jury.

**4.—Personal Injury—Measure of Damages.**

In an action for negligent personal injury the court properly charged that the jury might allow plaintiff such sum as would compensate him, taking into consideration mental and physical pain suffered, consequent upon his injuries, and his diminished capacity to labor and earn money in the future, and the charge was not objectionable as allowing double damages.

Appeal from Bexar.    Tried below before Hon. J. L. Camp.

*Baker, Botts, Baker & Lovett* and *Newton & Ward,* for appellant.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

FLY, Associate Justice.—This is a suit for damages alleged to have accrued through the negligence of the railway company in furnishing to appellee, its employe, a defective appliance with which to perform the labor incumbent upon him by virtue of his employment. A trial by jury resulted in a verdict and judgment for $15,000 in favor of appellee.

From the statement of facts we find that appellee while climbing the side of a freight car to reach the top, where his duties as brakeman called him, was precipitated to the ground and permanently and seriously injured by the handhold on the car pulling out. The handhold was in such a defective condition as to cause the fall and consequent injuries of appellee, through the negligence of appellant. Appellee was 28 years of age when injured, was strong and healthy, and was earning from $80 to $90 a month as a brakeman.

The first assignment of error complains of the admission in evidence of the answer of M. L. Fitch to an interrogatory, on the grounds that appellee only read a portion of the interrogatory and read the answer to the entire interrogatory, and because the answer was hearsay, and because the interrogatory presupposes that other questions had been answered in a certain way, and because there was no pleading authorizing testimony as to the condition of the wood to which the handhold was attached. The petition alleged that appellant had negligently allowed and permitted the handhold to become defectively and insecurely fastened to the car, and the allegation is directly responded to by the evidence that "the wood in which the end of the handhold, which pulled out, was imbedded, was not sound." If the wood on the car to which the handhold was attached was so decayed that it would not hold screws put through the handhold, this was evidence that the handhold was defectively and insecurely fastened to the car. The first part of the interrogatory complained of was so framed that the witness was to answer provided the witness had answered previous interrogatories affirmatively. There is nothing to show that they were not so answered, but in deference to appellant's objections, the first part of the interrogatory was omitted by appellee and only the last portion was read. The witness, as a matter

of course, answered the whole interrogatory, and the omission of a part of it could not cure any well-founded objection to it, but no objection to the interrogatory of any character is set forth in the bill of exceptions, unless it is held to be embodied in the objections to the answer, which are not tenable. The answer was not hearsay, although the witness may not have been present when the accident occurred. There was no question as to the identity of the car, and however the witness learned its identity it would not render his testimony as to the condition of the handhold hearsay. He swore he saw it and stated its condition. No attempt was made by appellant to contradict his statement. It is insisted by appellant that the answers to the interrogatories preceding the one of which complaint was made were different from what the person who propounded the interrogatories expected. We do not know what the preceding interrogatories were, but the answers of the witness show that he was a brakeman on the train and in a position where he could have examined the car before taken from the vicinity where the accident occurred. How the witness knew the handhold was the one that gave way when appellee caught hold of it, does not appear, and if appellant desired to know his source of knowledge it might have been elicited on the cross-examination.

The court instructed the jury as follows: "You are further charged that even though you may find that said handhold was insecurely fastened and that plaintiff was injured by reason thereof, yet if you further find that said defendant company appointed competent inspectors who inspected said car before the same left the yards of the company at San Antonio, and that the defects in the fastening of said handhold, if any, were not apparent and could not have been discovered by said inspectors by the exercise of ordinary care, then you are charged that the plaintiff, by reason of his employment, assumed the risk of said defect, if any, in the fastening of said handhold, and you will find your verdict for the defendant."

Appellant objects to the charge because it submits the question of competency of the car inspector to the jury, it being the contention that the uncontroverted testimony proved that he was competent and the court should have so informed the jury. It is true that the inspector swore that he had been inspecting cars for many years and that no other accident had ever occurred from a defect in a car inspected by him, but the jury were not bound to accept his testimony as true, but had the right to weigh his testimony in the light of the character of inspections he swore he had given, and in the light of the fact that four or five hours after he had made the inspection a handhold pulled off the car from the weight of an employe who was endeavoring to climb up by it. The inspector also swore that he had made no particular inspection of the car in question on which the defective handhold was found, and it appeared from his testimony that he had a helper and together they inspected a freight train in twenty minutes. The inspector swore he did test the handhold in question, and then said that he would

not swear that he had pulled the handhold of the particular car, and there was no evidence as to the efficiency of his assistant. It would have been error to have assumed the competency of the inspector and his assistant. No one except the inspector testified to any fact tending to show his competency.

The following charge was given by the court: "If you find for the plaintiff and believe from the evidence that he was injured as alleged in his petition, you should allow him such sum as you believe from the evidence will compensate him for the injuries sustained, if any, and in estimating his damages you may take into consideration the mental and physical pain suffered, if any, consequent upon his injuries, if any, and if you believe from the evidence that his injuries, if any, are permanent and will disable him to labor and earn money in the future, then you may allow him such sum · if paid now as you believe from the evidence will be fair compensation for his diminished capacity, if any, to labor and earn money in the future." The third assignment of error attacks the charge, but is not a proposition in itself, nor is it followed by propositions. The reasons given in the assignment for the ·charge being erroneous are, that it does not give correct measure of damages, allows double damages, allows damages when none were proved, and that it does allow the jury to consider ability to earn wages in other capacity than that of brakeman. Under the rules it would be disregarded, because no ground on which the charge is erroneous is presented, the reasons given in an assignment being uniformly disregarded. Fuqua v. Brewing Co., 90 Texas, 298.

However, the assignment has been considered as though containing propositions, and we conclude that the charge is not open to the criticisms directed against it. In the charge the jury was given the rule that in finding damages compensation was the end to be obtained, and then the instruction is given that to arrive at such compensation the jury might consider mental and physical pain and permanent disability as affecting future capacity to earn money, the amount to be allowed being the present value of such damages. The charge gave the true measure of damages, did not allow double damages, and is broad enough in its terms to include ability to earn money in any capacity.

There was a direct and irreconcilable conflict between the testimony of the physicians who testified as to the character of the injuries inflicted upon appellee. Those for the appellant make out a case of pure deception and malingering upon the part of appellee, while those for appellee show the case of a man who has his spine injured in such a way as that it tends to produce paralysis, one of his legs partially paralyzed, and a considerable shrinkage or atrophy of its muscles, bladder partially paralyzed and in a chronic state of inflammation, and incontinency of the urine, with the opinion expressed that the injuries are progressive and permanent. The jury and the trial judge were face to face with the witnesses, are no doubt acquainted with them by reputation, if not personally and professionally, and it was their peculiar duty to weigh their.

testimony and pass upon their credibility. In such cases this court has no authority to interfere with the verdict of the jury, no matter what the conclusion as to the testimony might be. If appellee was injured as his testimony and that of his witnesses tends to show he was, the verdict can not be held to be excessive.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.